**Rory S. BOND and Raven Bond, Appellants–Defendants,**

v.

**WALSH & KELLY, INC., and Town of Merrillville, Appellees–Plaintiffs.**

No. 45A03–0701–CV–28.

Court of Appeals of Indiana.

July 18, 2007.

Kenneth J. Allen, Michael T. Terwilliger, William Lazarus, Valparaiso, IN, Attorney for Appellants.

James G. Magrames, David A. Mack, Crown Point, IN, Attorney for Appellees.

## OPINION

HOFFMAN, Senior Judge.

Plaintiffs–Appellants Rory Bond and Raven Bond (the Bonds) appeal the trial court's entry of summary judgment in favor of Defendant–Appellant Walsh & Kelly Inc.

We affirm.

The Bonds present two issues for our review, which we consolidate and restate as: whether the trial court erred in granting summary judgment for Walsh & Kelly.

Walsh & Kelly, under contract with the Town of Merrillville (Town), had re-paved a section of Randolph Street in Merrillville. The re-paving project was completed by Walsh & Kelly on May 23, 2003. Once the paving was complete, there remained a drop-off from the edge of the pavement to the shoulder. On June 1, 2003, Rory was a passenger in a jeep driven by Adam Blossom. As Blossom was driving on the section of Randolph Street that had been re-paved by Walsh & Kelly, the passenger-side tires of the jeep dropped off the edge of the pavement and onto the shoulder. The incident culminated with the passenger side of the jeep's

windshield hitting a utility pole and the jeep rolling over, causing serious injuries to Rory.

Based upon this accident, the Bonds filed suit against Town, Walsh & Kelly, and Blossom. Blossom was later dismissed from the lawsuit after a settlement was reached between he and the Bonds. Town and Walsh & Kelly both filed motions for summary judgment. Following a hearing, the trial court granted summary judgment in favor of Walsh & Kelly and denied Town's motion for summary judgment. The trial court directed entry of summary judgment for Walsh & Kelly, and this appeal ensued.

The Bonds contend that the trial court erred by granting summary judgment in favor of Walsh & Kelly. On appeal from a grant of summary judgment, our standard of review is identical to that of the trial court. *Cox v. Northern Indiana Public Service Co., Inc.*, 848 N.E.2d 690, 695 (Ind. Ct.App.2006). Summary judgment is appropriate only where the designated evidence shows there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C); *Auburn Cordage, Inc. v. Revocable Trust Agreement of Treadwell*, 848 N.E.2d 738, 747 (Ind.Ct.App.2006). Appellate review of a summary judgment motion is limited to those materials designated to the trial court. *Pond v. McNellis*, 845 N.E.2d 1043, 1053 (Ind.Ct.App. 2006), *trans. denied*, 860 N.E.2d 590. All facts and reasonable inferences drawn therefrom are construed in favor of the non-movant. *Id.* Although a trial court's grant of summary judgment is clothed with a presumption of validity, we carefully review the court's decision to ensure that a party was not improperly denied its day in court. *Chandradat v. State, Indiana Department of Transp.*, 830 N.E.2d 904, 908 (Ind.Ct.App.2005), *trans. denied*, 841 N.E.2d 187.

 We first note that there has been a change in the law with regard to negligence actions and the work of contractors, such as Walsh & Kelly in the present case. The old rule, known as the acceptance rule or the completed and accepted rule, stated that contractors do not owe a duty of care to third parties after the owner has accepted the work. *Blake v. Calumet Constr. Corp.*, 674 N.E.2d 167, 170 (Ind.1996). In *Peters v. Forster*, 804 N.E.2d 736 (Ind. 2004), our supreme court abandoned the acceptance rule as an "outmoded relic" in favor of what has been termed the modern rule or foreseeability doctrine. *Id.* at 737. The modern rule provides that a contractor is liable for injuries or death of third persons after acceptance by the owner where the work is reasonably certain to endanger third parties if negligently completed. *Id.* at 742. In adopting the new rule, the court embraced the trend reflected in the Restatement (Second) of Torts and stated that the new approach is "consistent with traditional principles of negligence upon which Indiana's scheme of negligence law is based." *Id.* However, in adopting this new rule, the court noted that a contractor's liability under this doctrine is not absolute; rather, a plaintiff must still establish the elements of negligence: (1) a duty owed to the plaintiff; (2) a breach of that duty by the defendant; and (3) the breach proximately caused plaintiff's damages. *Id.* There is no breach of duty, and consequently no negligence, where a contractor merely follows the plans or specifications given to him by the owner so long as the plans are not so obviously dangerous or defective that no reasonable contractor would follow them. *Id.*

In the instant case, the Bonds have made no assertion that the plans for the repaving performed by Walsh & Kelly are, on their face, obviously dangerous or defective. Further, the Bonds have made no assertion that the re-paving performed by

Walsh & Kelly was performed in a negligent manner. Dr. James I. Taylor, a civil engineer, stated in his affidavit that a center line and edge line should have been in place to demarcate the roadway lanes; barrels or other traffic control devices should have been placed along the edge of the pavement in order to warn motorists of the drop-off of the pavement; and a temporary fillet should have been placed in the shoulder until the shoulder was permanently filled. Appellant's Appendix at 30 (Affidavit of James I. Taylor, Ph.D., p. 4). However, the designated materials make it clear that Town was responsible for the striping of the road, as well as the placement of the shoulder stone. Walsh & Kelly was merely a resurfacing contractor whose contract called only for the re-paving of the street and not for any striping of the street or shoulder work. Mark Krachenfels, of Walsh & Kelly, testified that Town was responsible for striping the road after Walsh & Kelly had completed the paving. Appellee's Appendix at 62 (Depo. of Mark Krachenfels, p. 31). He also testified that Town was responsible for the shoulder stone on Randolph Street. Appellee's App. at 62 (Depo. of Mark Krachenfels, p. 31). Further, Krachenfels stated that Walsh & Kelly never received any instruction to place barrels along the edge of the pavement of Randolph Street between the time it completed the re-paving work and the time the shoulder stone was placed along Randolph Street. Appellee's App. at 64 (Depo. of Mark Krachenfels, p. 78). The deposition of Bruce Spires, Director of Public Works for Town, was also a designated material in this summary judgment. Spires averred that the work that was expected of Walsh & Kelly by Town was complete when Walsh & Kelly finished the re-paving in May 2003. Appellee's App. at 71 (Depo. of Bruce Spires, p. 87).

Walsh & Kelly was hired only to re-pave Randolph Street. Town indicated to Walsh & Kelly that it would stripe the road and place the shoulder stone. Therefore, per the plan, Walsh & Kelly did not stripe the road or fill the drop-off at the edge of the pavement. Town's delay in striping the road and filling the shoulder had nothing to do with the re-paving performed by Walsh & Kelly. There is neither evidence that the plans for the re-paving by Walsh & Kelly were obviously defective, nor is there evidence that the re-paving was performed negligently. Thus, the designated evidence does not create a genuine issue of material fact as to whether the plans were so obviously dangerous or defective that no reasonable contractor would follow them.

Based upon the foregoing discussion and authorities, we conclude that the trial court did not err by entering summary judgment in favor of Walsh & Kelly.

Affirmed.

SULLIVAN, J., and RILEY, J., concur.